THE SYMNS GROCER COMPANY v. B. F. SMITH AND CHARLES E. WOOD.

### No. 227.

1. CHATTEL MORTGAGE—*not fraudulent because given to secure note payable in instalments.* A chattel mortgage upon a stock of merchandise, taken in good faith, to secure a valid debt of greater amount than the value of the goods, is not fraudulent *per se* because the note described in the mortgage is payable in instalments running through a period of thirty-five months after the date of the mortgage.

2. ——— *stipulation that mortgagor remain in possession but that if he sell mortgagee may take possession, does not imply authority to sell in mortgagor.* In such mortgage, wherein it is stipulated that the mortagor shall remain in possession until some default of its provisions upon his part or until the mortgagee shall deem himself insecure, and that if the mortgagor sells or offers to sell any of the goods the mortgagee may take possession of and sell the property and apply the proceeds to the payment of the debt secured thereby, there is no implied authority to the mortgagor to sell while he remains in possession.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed November 15, 1897. *Affirmed.*

*A. H. Ellis* and *F. T. Burnham,* for plaintiff in error.

*D. M. Relihan,* for defendants in error.

MAHAN, P. J. The plaintiff in error brought suit with attachment against B. F. Smith in the District Court of Smith County. The defendant in error Charles E. Wood intervened, claiming to have a chattel mortgage upon the attached property. The only question presented for decision in the case is the validity of the mortgage. It is contended by the plaintiff in error that the mortgage is void because there was in it an implied authority to the mortgagor, Smith, to sell the property, without any provision for

the disposition of the proceeds or the application thereof to the debt secured thereby. This is based on the fact that the note secured by the mortgage was payable in instalments of twenty dollars per month, running through a period of thirty-five months after the making of the mortgage. The mortgage provides that the mortgagor shall retain possession of the property until some default is made or until the mortgagee deems himself insecure. It further provides that, in case of default or upon other contingencies therein expressed, the mortgagee shall take possession of the property and sell the same at public or private sale and apply the proceeds thereof to the payment of the debt. It further appears from the evidence that it was the contemplation of the parties that the mortgagee should at once take possession of the property. There was a prior mortgage. The property mortgaged was a stock of merchandise, and it appears from the evidence that it was insufficient in value to discharge the mortgage liens.

We cannot construe the mortgage as contended for by the plaintiff in error. The *bona fides* of the transaction is not assailed. The cases cited by counsel for plaintiff in error in support of their contention are not applicable to the facts herein. If the value of the property had been largely in excess of the amount of the debt, and if the mortgagor had been left in the actual possession of the property and had been permitted to continue making sales thereof without accounting for the proceeds, the result would have been different. The court did not err in admitting in evidence the mortgage as a valid mortgage. For the same reason, the court did not err in overruling the plaintiff's demurrer to the defendant's evidence.

The third assignment of error, which is not seri-

ously insisted upon by counsel, to the effect that the court rejected competent evidence presented upon the part of the plaintiff, is without merit. Hence the court committed no error in denying the plaintiff's motion for a new trial.

The judgment is in accordance with the evidence, and is affirmed.